IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANK SMITH, | ) | Case No. 21-CR-30003-DWD |
| WARREN GRIFFIN, | ) | |
| ANTHONY DOBBINS, | ) | |
| SEAN CLEMON, | ) | |
| DOMINIQUE MAXWELL, | ) | |
| PERRY HARRIS, and | ) | |
| BARRY BOYCE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is the Motion for Discovery and Inspection (Doc. 506) ("Motion") of Defendant Maxwell. The Government filed a Response (Doc. 577), opposing certain overbroad requests and arguing other requests were moot due to prior compliance.

In the Motion, Defendant generically requests a multitude of information from the Government, including: (1) any written or recorded statements of Defendant (Doc. 506, pgs. 1-3); (2) the recorded testimony or statements of law enforcement, relying on hearsay, to any grand jury investigating Defendant's conduct (Doc. 506, pg. 3); (3) tangible evidence material to the defense, intended for use by the Government at trial, or obtained from or belonging to Defendant (Doc. 506, pgs. 3-4); (4) any material and/or information representing the results of physical or mental examinations or scientific tests or experiments (Doc. 506, pg. 5); (5) all materials relied upon by any expert witness, as

well as his or her curriculum vitae (Doc. 506, pg. 7); (6) any facts the Government will claim are susceptible to judicial notice (Doc. 506, pg. 7); (7) any record of Defendant's prior arrests or convictions, along with any material or information relating to the conduct of Defendant in the context of Federal Rule of Evidence 404(b) (Doc. 506, pg. 7); (8) any material or information relating to any overt acts, beyond those recited in the Indictment, and the conduct of Defendant (Doc. 506, pg. 7); (9) any and all information relating to the identity of any confidential informant who acted as an operative of the Government and who may have been a witness to relevant events. (Doc. 506, pgs. 7-8).[1]

In its Response, the Government indicates it made an initial discovery production, "containing more than 27,000 files including PDF documents, spreadsheets, audio and video recordings, and cell phone extractions," on March 12, 2021. (Doc. 577, pgs. 1-2). That initial discovery production also allegedly included documentation of defendants' criminal histories, the reports of certain law enforcement agencies, search warrant returns, drug lab results, victim medical records, and Title III wiretap intercepts. (Doc. 577, pg. 2). The Government further states, on February 14, March 25, July 14, and August 18, 2022, it made supplemental discovery productions that included additional reports of law enforcement, results of post-arrest searches of defendants' phones and residences, phone call recordings from jail, and reports and summaries of witness statements. (Doc. 577, pg. 2). Beyond its discovery obligations, the Government submits that it "identified by Bates number [the] specific materials that the defendants might wish to review for the

---

[1] Defendant also requests certain body camera footage and the service record of a K-9 that searched a car driven by Defendant. (Doc. 506, pg. 8). In light of the hearing held during the week of November 14, 2022, and the text order at Doc. 645, it is the Court's understanding that the Government fulfilled this request.

purpose of preparing pre-trial motions" and "disclosed to the defendants the substance of statements made by persons interviewed by the Government." (Doc. 577, pg. 2). Therefore, the Government argues it disclosed "a large share of the materials requested," including statements of co-conspirators, grand jury transcripts, expert witness information, and evidence of charged and uncharged overt acts. (Doc. 577, pgs. 1-3, 5, 8-9). As for the other requests, the Government, while acknowledging its discovery obligations and committing to all necessary disclosures, claims those requests are broader than what is required by statutory and constitutional mandates. (Doc. 577, pgs. 1-4).

Here, the parties' deadline for filing new and amended pretrial motions, other than motions *in limine* but including discovery motions, was September 14, 2022. *See* Fed. R. Crim. P. 12(c)(2) ("At any time before trial, the court may extend or reset the deadline for pretrial motions."); (Doc. 373, pg. 3). Therefore, the Motion, dated October 4, 2022, is untimely. *See* Fed. R. Crim. P. 12(c)(3) (stating, "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion," which includes a motion requesting discovery under Rule 16, "the motion is untimely"). In addition, other than the dispute regarding body camera footage and the K-9 service record referenced on page 8 of the Motion, which has since been resolved by the parties without a ruling from the Court, the Motion only generically outlines broad categories of information requested from the Government. (Docs. 506, generally; 645). In other words, at this late stage in the proceedings, Defendant does not specifically articulate good cause to extend the deadline for discovery motions to facilitate compliance with seemingly "drag net" discovery requests. *See* Fed. R. Crim. P. 12(c)(3) ("[A] court may consider …[an untimely] request if the party shows good

cause."); Fed. R. Crim. P 45(b)(1) ("When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made: (A) before the originally prescribed or previously extended time expires; or (B) after the time expires if the party failed to act because of excusable neglect.").

Aside from the requests disputed as overly broad, the Court emphasizes that the Government claims it complied with its discovery obligations. In light of the Government's detailed descriptions of its initial and supplemental discovery productions, as well as its overall candor with the Court during these proceedings, the Court has no reason to question whether the Government complied with its discovery obligations, especially in the absence of specific requests by Defendant. *See U.S. v. Molina-Rios*, No. 15-122, 2016 WL 11264716, *6 (W.D. N.Y. April 26, 2016); *see also Theodore v. State of N.H.*, 614 F.2d 817, 822 (1st Cir. 1980) ("Attorneys are officers of the court and a judge has the right, in most circumstances, to rely on their representations."); *see also U.S. v. Melton*, No. 04-40043, 2006 WL 1722379, *2 (S.D. Ill. June 21, 2006) ("The Court further relies upon the presumption that attorneys, as officers of the court, make truthful representations to the court."). Of course, the parties are well aware of the serious repercussions that may befall the Government if it turns out that it failed to comply with its discovery obligations. Defendant is assured such failures will be handled accordingly.

For these reasons, the Court **DENIES** the Motion.

**SO ORDERED.**

Dated: December 8, 2022

s/ David W. Dugan
_____
DAVID W. DUGAN
United States District Judge