IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-CR-30003-DWD |
| | ) | |
| BARRY BOYCE, and | ) | |
| DOMINIQUE MAXWELL, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

Pending before the Court is Defendant Barry Boyce's Motion to Dismiss for Improper Venue ("Motion") (Doc. 456).[1] Defendant Dominique Maxwell has joined in the motion (Docs. 578 and 579). The Government has responded in opposition (Doc. 548), and the Court heard oral argument on November 17, 2022. Although Defendant Maxwell joined in the Motion, he has not submitted any written briefing on the matter. Counsel for Maxwell, however, did present oral argument on November 17, 2022. For the reasons that follow, the motion is **DENIED**.

I.   BACKGROUND

---

[1] A change of plea hearing was held as to Boyce on December 7, 2022. Nonetheless, because Co-Defendant Maxwell has joined in Boyce's Motion to Dismiss for Improper Venue, the Court proceeds with resolving the motion.

1

On January 20, 2021, the grand jury returned a thirteen-count indictment against Boyce, Maxwell, and five other alleged leaders and/or members of the Gangster Disciples street and prison gang (Doc. 1). The Indictment alleges that the Gangster Disciples is a criminal enterprise within the meaning of 18 U.S.C. § 1961(4), that operated in the Southern District of Illinois and elsewhere. Boyce, Maxwell, and their co-defendants are charged with conspiring to violate the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et. seq.*, through their alleged involvement with the Gangster Disciples (Count 1). Maxwell is also charged with murder in aid of racketeering under 18 U.S.C. § 1959(a)(1) and Section 2 (Count 2), use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(C)(1)(A) and Section 2 (Counts 3, 6, 8, & 10), use of a firearm during and in relation to a crime of violence causing death under 18 U.S.C. § 924(j)(1) and Section 2 (Count 4), and attempted murder in aid of racketeering under 18 U.S.C. § 1959(a)(5) and Section 2 (Counts 5, 7, & 9). (Doc. 1).

The racketeering conspiracy alleges that the Defendants engaged in numerous predicate crimes in furtherance of the Gangster Disciple enterprise, including witness tampering or intimidation, murder, murder for hire, money laundering, and trafficking in controlled substances. The racketeering conspiracy also alleges 65 overt acts, all of which were allegedly done *in furtherance of* the conspiracy in the Southern District of Illinois.

Fourteen of the alleged overt acts specifically involve Boyce (Doc. 1, pp. 8-15, ¶¶ 32, 37, 42-46, 48, 49, 59, 64, 65). Of those acts allegedly involving Boyce, two are alleged to have occurred in the Southern District of Illinois. Specifically, the Indictment alleges

2

that Boyce (1) attended a Gangster Disciples meeting in East St. Louis, Illinois (Doc. 1, p. 11, ¶ 35) and (2) distributed two pounds of "K2" in Fairview Heights, Illinois (Doc. 1, p. 15, ¶ 63).

Twenty-two of the overt acts allegedly involve Maxwell (Doc 1, pp. 8-15, ¶¶ 18, 20-22, 24, 25, 29, 30, 35, 37, 40, 42, 44, 47, 51, 52, 53, 54, 56-58, and 61). Of those acts allegedly involving Maxwell, two are alleged to have occurred in the Southern District of Illinois. Specifically, the Indictment alleges that Maxwell (1) attended a Gangster Disciples meeting in East St. Louis, Illinois (Doc. 1, p. 11, ¶ 35) and (2) stabbed an individual repeatedly in the head and torso during a fight between Gangster Disciples members and rivals at a nightclub in East St. Louis, Illinois (Doc. 1, p. 12, ¶ 40).

The racketeering conspiracy also alleges that other co-conspirators committed various overt acts in the Southern District of Illinois or intended to have an impact on the Southern District of Illinois, including (1) sending a letter to a Gangster Disciples member expressing the co-conspirator's intention to become the first Gangster Disciples Board Member from the area of East St. Louis, Illinois (Doc. 1, p. 8, ¶ 1); (2) co-conspirators discussing intentions to kill a Gangster Disciples member in East St. Louis, Illinois (Doc. 1, p. 8, ¶ 5); and (3) a co-conspirator possessing a firearm, cellular phones, Gangster Disciples correspondence, false identification documents, and approximately one pound of marijuana with the intent to distribute, in a vehicle in Madison County, Illinois (Doc. 2, p. 11, ¶ 27).

Boyce and Maxwell contend that (1) the Indictment fails to properly allege venue in the Southern District of Illinois; (2) the Government has not proven or cannot prove

that they committed any overt acts in the Southern District of Illinois or intended to further the goals of the Gangster Disciples in the Southern District of Illinois; and/or (3) the Government has not proven or cannot prove that they were members of the alleged conspiracy.

The Government contends that, at this stage of the litigation, the question is not what the Government can prove. Instead, the Government maintains that, in assessing a pre-trial motion to dismiss an indictment for improper venue, venue is proper where the government has alleged facts which, if accepted as true, would sustain venue by a preponderance of the evidence.

## II. LEGAL AUTHORITY

### A. Venue Generally

Article III of the Constitution requires that the trial of any crime be held in the state and district in which the defendant committed the charged offense. U.S. Const. Art. III, § 2, cl. 3; *see also* FED. R. CRIM P. 18. The Sixth Amendment further states that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed…." U.S. Const. Amend. VI. These constitutional provisions are "far more" than procedural technicalities;[2] they "touch closely the fair administration of criminal justice and public

---

[2] As the Seventh Circuit explained in *United States v. Muhammad*, 502 F.3d 646 (7th Cir. 2007), venue provisions were adopted to "guard against a repetition of a colonial era abuse":

> During the colonial period, officials of the Crown became concerned that American colonial courts would not protect adequately royal interests. Drew L. Kershen, *Vicinage,* 29 Okla. L.Rev. 803, 805 (1976). Therefore, Parliament revived an ancient statute that permitted Americans, charged with a crime on colonial soil, to be moved to England or

confidence in it" and raise deep issues of public policy." *United States v. Muhammad*, 502 F.3d 646, 652 (7th Cir. 2007). One such policy concern is "the protection of a defendant from prosecution in a place far from his home and the support system that is necessary to mount an adequate defense." *Id.*

**B.     Propriety of Venue**

The RICO statute does not contain a specific provision governing venue in criminal cases. Accordingly, the propriety of venue is determined by considering "the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Clark*, 728 F.3d 622, 623–24 (7th Cir. 2013) (quoting *United States v. Tingle*, 183 F.3d 719, 726 (7th Cir. 1999)). This "substantial contacts" approach is not a rigid test, but rather a "general guide" that courts follow to ensure that "a particular jurisdiction can serve as the venue for a federal criminal trial in a manner consistent with the guarantees of the constitutional venue provisions." *United States v. Muhammad*, 502 F.3d 646, 655 (7th Cir. 2007). Further, a RICO conspiracy is a continuing offense. *See Smith v. United States*, 568 U.S. 106, 111, 133 S.Ct. 714, 184 L.Ed.2d 570 (2013). Accordingly, it can be brought anywhere the conspiracy "was begun, continued, or completed." *United States v.*

---

another colony for trial. *Id.* at 805-06. This practice angered colonial Americans, and the practice was listed in the Declaration of Independence as one of the reasons justifying independence. Specifically, King George III was criticized "for transporting us beyond Seas to be tried for pretended offenses." The Declaration of Independence para. 20 (U.S.1776); *see also* Albert W. Alschuler & Andrew G. Deiss, *A Brief History of the Criminal Jury in the United States,* 61 U. Chi. L.Rev. 867, 875 (1994).

*Muhammad*, 502 F.3d at 651.

*Spraggins*, No. 1:19-CR-00821, 2021 WL 4264418, at *6 (N.D. Ill. Sept. 20, 2021) (quoting 18 U.S.C. § 3237(a)).

Applying the substantial contacts approach to cases of criminal conspiracy, the Seventh Circuit has held that venue is proper in "any district in which an overt act of the conspiracy occurred," even if there is no evidence that the defendant ever entered that district or that the conspiracy was formed there. *United States v. Ochoa*, 229 F.3d 631, 636–37 (7th Cir. 2000) (citing *United States v. Rodriguez-Moreno*, 526 U.S. 275, 281–82 (1999)). Additionally, venue is proper in the district where an overt act was "intended to have an effect." *United States v. Muhammad*, 502 F.3d 646, 655 (7th Cir. 2007) (emphasis omitted) (quoting *United States v. Frederick*, 835 F.2nd 1211, 1215 (7th Cir. 1987)); *cf. id.* at 654 (quoting *United States v. Reed*, 773 F.2d 477, 482 (2d Cir. 1985)) ("[P]laces that suffer the effects of a crime are entitled to consideration for venue purposes."). Finally, the Appellate Court has held that, "venue [is] proper against [the] defendant in [any] district where [a] co-conspirator carried out overt acts even though there was no evidence that the defendant had entered that district or that the conspiracy was formed there." *Id.* at 646–47 (quoting *United States v. Rodriguez–Moreno,* 526 U.S. 275, 281–82 (1999)); *see also United States v. Brown,* 739 F.2d 1136, 1148 (7th Cir. 1984) ("So long as an overt act in furtherance of the conspiracy is intended to have an effect in the district where the case is finally brought, venue is proper.").

**C.    When and How Objections to Venue are Raised**

Boyce and Maxwell do not specify the rule under which they are moving. However, given the procedural posture of the case, the Court presumes it must be Federal Rule of Criminal Procedure 12(b)(3)(A). As is explained more fully below, Defendants' arguments regarding what the Government has proven or can prove are not appropriately considered when evaluating such a motion. This is because resolution of these claims would require a determination of facts that should be developed at trial – a determination that is ordinarily within the province of the jury. *See U.S. v. Muhammad,* 502 F.3d 646, 656 (7th Cir. 2008); *United States v. Yasak,* 884 F.2d 996, 1001 n. 3 (7th Cir. 1989). Accordingly, prior to evaluating Boyce's motion, the Court pauses to briefly review the authority regarding when and how objections to venue may be raised.

Federal Rule of Criminal Procedure 12(b)(3)(A)(i) explicitly lists "improper venue" as a motion that "*must* be made before trial" if the basis for the motion is "reasonably available" before the trial and the Court can decide it without a full-blown "trial on the merits." Fed. R. Crim. P. 12(b)(3) (emphasis added). Such a motion is appropriately considered by the Court prior to trial "if it involves questions of law rather than fact." *United States v. Yasak*, 884 F.2d 996, 1001 n. 3 (7th Cir. 1989). On the other hand, "[i]f the pretrial claim is substantially intertwined with the evidence concerning the alleged offense, the motion to dismiss falls within the province of the ultimate finder of fact." *Id.*

When assessing a pre-trial motion to dismiss an indictment for improper venue, all allegations in the indictment are assumed true and viewed in the light most favorable to the Government. *United States v. Clark,* 728 F.3d 622, 623 (7th Cir. 2013); *United States v. Herrera–Ordones,* 190 F.3d 504, 509 (7th Cir. 1999). *See also United States v. Sampson*, 371

U.S. 75, 76 (1962) (only the allegations on the face of the indictment are considered without regard to evidence not appearing therein). At this stage, venue is proper where the government has alleged facts which, if accepted as true, would establish venue by a preponderance of the evidence. *See United States v. Clark*, 728 F.3d 622, 623 (7th Cir. 2013); *United States v. Boyle*, 445 F.2d 54, 59 (7th Cir. 1971), overruled on other grounds by *United States v. Lawson*, 653 F.2d 299 (7th Cir. 1981).[3]

If an indictment adequately alleges venue and the case proceeds to trial, venue will "ordinarily" be a "question of fact for the jury to decide." *Muhammad*, 502 F.3d at 656 (cleaned up).[4] The Seventh Circuit has emphasized, however, that venue only becomes a question of fact for the jury if the defendant (1) "properly objects to venue" and (2) "places [venue] in issue by establishing a *genuine* issue of material fact with regard to venue." *Id.* (emphasis in original) (cleaned up). *See also Id.* ("the defendant must, by his factual submissions, make venue a serious issue."). Further, the Seventh Circuit has indicated that, when facts relevant to determining venue are not disputed, the issue of venue may be resolved as a matter of law. *See United States v. Massa*, 686 F.2d 526, 531 (7th Cir. 1982)

---

[3] *See also United States v. Engle,* 676 F.3d 405, 415 (4th Cir. 2012) (in assessing pretrial motion to dismiss for improper venue, court was limited to assessing the allegations contained in the indictment and could not consider defendant's arguments as to the government's failure to produce pretrial evidence establishing venue); *United States v. Jensen*, 93 F.3d 667 (9th Cir. 1996) (holding that district court erred by looking beyond the allegations of the indictment to grant a Rule 12(b) dismissal motion for improper venue); *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) ("Under Fed. R. Crim. P. 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial.").

[4] This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

("[Venue] is particularly suited to determination by the court as a matter of law where [it] is not disputed and the Government presents sufficient evidence of venue to meet the preponderance of the evidence standard.").[5]

### III. ANALYSIS

As a preliminary matter, the Court notes that both Boyce and Maxwell have repeatedly argued that venue is improper because the Government has failed to prove that venue is appropriate. During oral argument for instance, Defendants argued that the Government has not proven that they are part of the alleged conspiracy or that overt acts attributed to them had an effect in the Southern District of Illinois, were intended to have an effect in the Southern District of Illinois, and/or were done to further the alleged conspiracy. But, at this stage of the litigation, the Government is not required to prove anything. *See United States v. Clark*, 728 F.3d 622, 623 (7th Cir. 2013); *United States v. Boyle*, 445 F.2d 54, 59 (7th Cir. 1971), overruled on other grounds by *United States v. Lawson*, 653 F.2d 299 (7th Cir. 1981). *See also United States v. Sampson*, 371 U.S. 75, 76 (1962); *United States v. Yasak*, 884 F.2d 996, 1001 n. 3 (7th Cir. 1989).

Rather, at this stage of the litigation, venue is proper if the Government has alleged facts which, if accepted as true, would establish by a preponderance of the evidence that (1) Boyce and Maxwell were part of a conspiracy and (2) Boyce, Maxwell, or any one of their co-conspirators committed an overt act in furtherance of the conspiracy in this

---

[5] In some circumstances, a venue objection may be raised for the first time at the close of the government's case. *See e.g., United States v. Ringer,* 300 F.3d 788, 790 (7th Cir. 2002)("If the indictment does not provide notice of a possible defect in venue and the government rests without proving that the crimes occurred in the district charged, the defendant may then file a venue objection in a motion for acquittal.")

district or intended to have an effect in this district. *See United States v. Ochoa*, 229 F.3d 631, 636–37 (7th Cir. 2000); *United States v. Muhammad*, 502 F.3d 646, 655 (7th Cir. 2007); *United States v. Frederick*, 835 F.2nd 1211, 1215 (7th Cir. 1987).

The fact that the Seventh Circuit has not expressly applied the above standard in cases alleging a RICO conspiracy does not alter the Court's analysis. This standard is taken from Seventh Circuit authority addressing the venue rules applicable to criminal conspiracies, and the Supreme Court has held that general principles of criminal conspiracy law are applicable in RICO conspiracy cases. *See Salinas v. United States,* 522 U.S. 52 (1997); *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961, 964 (7th Cir. 2000). Moreover, in RICO prosecutions, federal courts consistently hold that venue is proper in any district where any overt act, committed by any co-conspirator, occurred or was intended to have an effect. *See e.g. United States v. Firtash*, 392 F.Supp.3d 872 (N.D.Ill 2019) (in prosecution on RICO conspiracy, applying venue rules taken from criminal conspiracy cases, venue was proper in district where the illegal activity was intended to have an effect); *United States v. Machado-Erazo,* 986 F.Supp.2d 39, 54-55 (D.D.C. 2013) [6] (holding that venue was proper "in any district in which any overt act in furtherance of the conspiracy was committed by any co-conspirator," even where defendants were not physically present in the district); *United States v. Persico,* 621 F.Supp. 842 (S.D.N.Y 1985)

---

[6] The defendants argued that venue was improper in the District of Columbia because the crimes of RICO conspiracy, murder in aid of racketeering, and possession of a firearm during and in relation to a crime of violence, all occurred in Maryland. The district court found that, even though the murder occurred in Maryland, venue was proper in the District of Columbia because the defendants were part of a RICO conspiracy that spanned Maryland, the District of Columbia and Virginia, and because overt acts in furtherance of the conspiracy were committed in each of those jurisdictions.

(to obtain venue in Southern District of New York in prosecution on charges on RICO conspiracy, Government was required only to prove occurrence of overt acts by one or more coconspirators in furtherance of conspiracy in that district).

Additionally, as noted by the Government, the consensus among federal courts is that a prosecution for RICO conspiracy may be brought in any district where the enterprise conducted illegal activities. *See e.g.*, *United States v. Pepe,* 747 F.2d 632, 660 (11th Cir. 1984) (venue in RICO case for extortionate debt collection that occurred in New York was proper in Southern District of Florida where other racketeering activities occurred); *United States v. Persico*, 621 F.Supp. 842, 858 (S.D.N.Y. 1985) (holding that it makes no difference whether any individual defendant was in the district, as long as the Government establishes that the defendant participated in an enterprise that conducted illegal activities in the district); *United States v. Castellano*, 610 F.Supp. 1359, 1388- 89 (S.D.N.Y. 1985) (although "virtually every significant racketeering act alleged in the indictment occurred in the Eastern District of New York," venue was proper in the Southern District because a RICO count "may be prosecuted in any district in which the criminal activity was begun, continued, or completed").

Finally, the Court is not persuaded by Boyce's argument regarding *United States v. Owens,* 724 Fed. Appx. 289 (5th Cir. 2018). In *Owens*, the Fifth Circuit vacated a defendant's conviction for conspiracy with intent to distribute, finding the charge was not properly brought in the Northern District of Mississippi (Northern District). The case involved accusations that multiple defendants, in their leadership roles with the Aryan Brotherhood of Mississippi (ABM) conspired to commit racketeering activity and

11

committed acts of violence and drug offenses. *Id.* at 293. Defendant Parker contested venue as to all three counts of his conviction: (1) RICO Conspiracy; (2) Conspiracy with Intent to Distribute Methamphetamine; and (3) VICAR Murder. *Id.* at 294.

As to the distribution conspiracy, Parker argued that the evidence showed he engaged in drug trafficking in his personal capacity (not as an ABM member), and that no overt act or agreement as to his drug dealing occurred in the Northern District. *Owens, 724 Fed. Appx. at 295*. The Government argued it was not required to prove that Parker committed an overt criminal act on behalf of the ABM, and that under the RICO conspiracy statute, it was enough to prove that Parker knew of the ABM's activities and agreed to facilitate the criminal enterprise. *Id.* The Fifth Circuit disagreed, explaining that the evidence did not support the Government's position. *Id.* Instead, *as to the conspiracy to distribute count*, the evidence showed that Parker and his co-conspirator were operating in their individual capacities, not as ABM members, and that no overt act or agreement as to drug trafficking occurred in the Northern District. *Id.* Because the evidence did not support a connection between the distribution conspiracy and ABM, the Government could not establish venue in the Northern District by relying on ABM's statewide activity. *Id.* This situation is not implicated here. *Id.* In the instant case, the Indictment alleges that the charged conduct was incident to, and in aid of, Defendants membership in the Gangster Disciples, and that Defendants' coconspirators committed overt acts in the Southern District of Illinois in furtherance of the conspiracy. *Id.*

Further, the Fifth Circuit's analysis of venue as to the RICO conspiracy count does not support Defendants' position as to venue in the instant case. *Id.* As to the RICO

12

conspiracy, the court concluded that venue was proper because ABM's criminal activities were statewide and because Parker was an ABM leader. *Id.* Importantly, the court specifically held that the Government need not prove that Parker committed an overt criminal act on behalf of ABM in the Northern District. *Id.* Rather, given that ABM conducted activity statewide and that other ABM members committed overt acts and specific instances of racketeering activity in the Northern District, it was "enough to prove that Parker knew of the ABM's activities and agreed to facilitate the criminal enterprise,". *Id*.

In summary, since the Indictment, on its face, properly alleges venue in the Southern District of Illinois, there is no basis at this stage for moving for dismissal because of improper venue. Defendants' Motion is, therefore, denied. If Defendants believe the Government has not met its burden of proving venue by a preponderance of the evidence at trial, they may, consistent with Seventh Circuit authority, refile their motion and/or seek to submit the question of venue to the jury. As to the latter, Defendants are reminded that, even if they properly object to venue, it does not become a fact question for the jury unless they make venue a "serious issue" by establishing a *genuine* issue of material fact as to venue. *United States v. Muhammad,* 502 F.3d 646, 655–57 (7th Cir. 2007).

### IV.  CONCLUSION

For the reasons stated herein, the Indictment alleges facts which, if assumed true, would establish venue by a preponderance of the evidence. Accordingly, the Motion to Dismiss for Improper Venue (Doc. 456) is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 12, 2022

DAVID W. DUGAN
United States District Judge