IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-CR-30003-5** |
| | ) | |
| **DOMINQUE MAXWELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court on the Motion to Dismiss filed by Defendant Dominque Maxwell. (Doc. 1137). Maxwell contends that his "crime of violence" convictions are invalid because the government failed to charge and prove, as an element of the offense, the use, attempted use, or threatened use of physical force against the person or property of another. He argues that the government relied on a conduct-based interpretation of the statute that was later invalidated by the Supreme Court's decision in *United States v. Davis* and *United States v.* Taylor, which require a categorical approach and render the residual clause of § 924(c) unconstitutionally vague. He further asserts that this constitutes a jurisdictional or structural defect, a violation of his Fifth Amendment due-process rights, and a complete miscarriage of justice that can be reaised at any time, and that *Davis* announced a new rule of constitutional law applicable on collateral review.

The relief Maxwell seeks is only available through a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.

The Court cannot construe Maxwell's motion as a § 2255 motion without a clear indication that he intends to invoke the statute. *Castro v. United States*, 540 U.S. 375, 377 (2003) ("[T]he court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.").

Accordingly, the Court WARNS Maxwell that if he does not file a motion to withdraw his pending Motion to Dismiss on or before November 13, 2026, the Court will construe it as a motion filed pursuant to § 2255 and direct the Clerk's Office to open a new civil case. Maxwell will then be subject to the second or successive filing restrictions contained in 28 U.S.C. § 2255(h).

**SO ORDERED.**

Dated: October 16, 2026

DAVID W. DUGAN
United States District Judge